IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAUN A. ROSE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) CIVIL NO. 10-cv-324-DRH |
| SGT. M. RINGERLING, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

The instant petition for a writ of habeas corpus[1] filed by inmate Shaun A. Rose was transferred to this Court from the United States District Court for the Central District of Illinois. Shortly after the petition was transferred to this Court, the Clerk of Court received a letter signed by "John Coffey" purporting to express Rose's desire to voluntarily withdraw the instant action. *See*

---

[1] Petitioner submitted his petition using a civil complaint form for actions pursuant to 42 U.S.C. § 1983. However, the Central District of Illinois determined that the action was more properly brought pursuant to 28 U.S.C. § 2254 and, therefore, construed it as such and transferred the matter to this Court.

(Doc. 9). It appears that Mr. Coffey is a fellow inmate who is attempting to assist Rose with this matter. Even if that were true, Mr. Coffey cannot sign pleadings or notices for Rose. As a *pro se* litigant, Rose must sign all documents himself. Fed. R. Civ. P. 11(a). Consequently, the Court informed Rose that if he wished to voluntarily dismiss the instant petition for a writ of habeas corpus, then Rose must so inform the Court in a writing signed by him (not by Coffey). Rose did not take advantage of the opportunity to voluntarily dismiss the petition. Accordingly, this matter is before the court for preliminary review of the habeas corpus petition. *See*, 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Rose, currently incarcerated in the Pontiac Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement. Specifically, Rose challenges his conviction in Madison County, Illinois, for aggravated battery against a government employee (apparently a jail or prison guard). Rose seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Doc. 2) and appointment of counsel.

Leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED**.

The Court notes, however, that "Sgt. M. Ringerling" - apparently the victim in Petitioner's underlying criminal case - is not the proper respondent to this action. *See* Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts. Instead, the proper respondent is the warden at the Pontiac Correctional Center: Guy Pierce. *Id*. Accordingly, the Court will direct the Clerk of Court to substitute Guy Pierce for "Sgt. M. Ringering" as the proper respondent in this action.

With regard to his motion for appointment of counsel (Doc. 3), however, there is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975);

*Santiago v. Walls*, 599 F.3d 749, 760-61 (7th Cir. 2010). While civil litigants do not have a constitutional or statutory right to counsel, the Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), authorizes a district court to appoint counsel for a petitioner seeking habeas relief under 28 U.S.C. § 2254. Appointment of counsel for a habeas petitioner is within the district court's discretion and is governed by standards similar to those followed in other civil cases. *See Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983); *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992).

When presented with a request to appoint counsel in a civil case, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d647, 854-55 (7th Cir. 2007). With regard to the first step of the inquiry, there is no indication at all whether Petitioner has attempted to obtain counsel or been effectively precluded from doing so.

With regard to the second step of the inquiry,"the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id.*; *see also Santiago v. Walls*, 599 F.3d at 762-64. At this point in time, it is difficult for the Court to assess this factor. *See Romanelli v. Suliene*, _ F.3d _, 2010 WL 3155926 (7th Cir. Aug. 11, 2010) (noting infancy of case makes it impossible to make accurate determination of Plaintiff's abilities to litigate case). Petitioner's claim does not appear to be factually complex. He simply contends that he was denied effective assistance of counsel with regard to his underling criminal case. From a legal standpoint, the litigation of any constitutional claim falls in the range of complex. Nevertheless, Petitioner's habeas petition adequately articulates

his claim. The Respondent has not yet filed a reply or answer to the petition. While counsel might be helpful to Petitioner if an evidentiary hearing is held, the Court has not yet determined whether an evidentiary hearing will be required for this case. Future developments may change the Court's mind on whether counsel should be appointed or not. At this early stage and time, though, the Court concludes that Petitioner appears to be competent to litigate his case. Therefore, Petitioner's motion for the appointment of counsel (Doc. 3) is **DENIED**, without prejudice.

**IT IS HEREBY ORDERED** that "Sgt. M. Ringering" is **DISMISSED** as the Respondent in this action.

**IT IS FURTHER ORDERED** that the Clerk of Court shall substitute Guy Pierce, Warden at Pontiac Correctional Center, for respondent "Sgt. M. Ringering."

**IT IS FURTHER ORDERED** that Respondent shall, within twenty-three (23) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue.

Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk [and each opposing party] informed of any change in his whereabouts during the pendency of this action. This

notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**DATED:** September 20, 2010

/s/    DavidRHerndon
**DISTRICT JUDGE**