IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**SHAUN A. ROSE**,

**Petitioner,**

**v.**

**GUY PIERCE,**

**Defendant.**                                                              **No. 10-0324-DRH**

### ORDER

**HERNDON, Chief Judge:**

       On April 20, 2010, Shaun A. Rose filed suit alleging violations of his civil rights pursuant to 42 U.S.C. § 1983 in the District Court for the Central District of Illinois (Doc. 1). Thereafter on April 27, 2010, District Judge Michael Mihm construed Rose's complaint as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and transferred the case to this judicial district (Doc. 4). Rose challenges the constitutionality of his confinement. Specifically, Rose challenges his conviction in Madison County, Illinois for aggravated battery against a government employee (a jail or prison guard). The Madison County, Illinois Circuit Court sentenced Rose to three years imprisonment on December 7, 2007.

       Now before the Court is Pierce's October 28, 2010 motion to dismiss petition for a writ of habeas corpus as time-barred (Doc. 16). Pierce argues that the petition should be dismissed with prejudice because it is untimely under 28 U.S.C. § 2244(d) which imposes a one-year statute of limitations in § 2254 petitions.

Specifically, Pierce contends that Rose's petition is untimely as it was filed 834 days after Rose's judgment of conviction was final. As of this date, Rose has not responded to the motion to dismiss. The Court finds that this failure to respond as an admission of the merits of the motion to dismiss.[1] Thus, the Court **GRANTS** the motion to dismiss petition for a writ of habeas corpus as time-barred (Doc. 16). The Court **DISMISSES with prejudice** Rose's petition. Further, the Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same.

    **IT IS SO ORDERED.**

    Signed this 2nd day of December, 2010.

David R. Herndon
2010.12.02
17:10:10 -06'00'

**Chief Judge**
**United States District Court**

---

[1] **SDIL-LR 7.1(c)(1)** provides in part: "An adverse part in a civil case shall have **30 days** after service of a motion listed above to file a response. ... Failure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion."